IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES MATTHEWS, ET AL. | |
| Plaintiffs, | Case No. _____ |
| v. | |
| CENTRUS ENERGY CORP., ET AL. | Judge _____ |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

Without waiving any defenses, Defendants Centrus Energy Corp., United States Enrichment Corporation, Uranium Disposition Services, LLC, BWXT Conversion Services, LLC, Mid-America Conversion Services, LLC, Bechtel Jacobs Company, LLC, LATA/Parallax Portsmouth, LLC, and Fluor-BWXT Portsmouth, LLC (collectively, "Defendants"), hereby remove this civil action pending in the Pike County, Ohio Court of Common Pleas, case number 2019CIV000354 (the "State Court Action"), to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1441, 1445 and 42 U.S.C. § 2210(n)(2) and in accordance with 28 U.S.C. § 1331.  As addressed below, this Court has original jurisdiction over this matter because the Complaint of Plaintiffs James Matthews, Jennifer Brownfield Clark, Joanne Ross, and the Estate of A.R. ("Plaintiffs") alleges a "nuclear incident" and qualifies as a "public liability action" under the Price-Anderson Act, 42 U.S.C. §§ 2011-2297h-13.

In further support of removal, Defendants state as follows:

## Introduction

1.      This is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.      Plaintiffs initiated the State Court Action by filing the complaint on November 27, 2019 (the "Complaint").

3.      Centrus Energy Corp. was served with the Complaint on December 9, 2019; United States Enrichment Corporation was served with the Complaint on December 9, 2019; Uranium Disposition Services, LLC was served with the Complaint on December 17, 2019; BWXT Conversion Services, LLC was served with the Complaint on December 7, 2019; Mid-America Conversion Services, LLC was served with the Complaint on December 14, 2019; Bechtel Jacobs Company, LLC was served with the Complaint on December 13, 2019; LATA/Parallax Portsmouth, LLC was served with the Complaint on December 18, 2019; Fluor-BWXT Portsmouth, LLC was served with the Complaint on December 9, 2019.

4.      As required by 28 U.S.C. § 1446(a), a copy of all pleadings are annexed hereto as Exhibit 1.

5.      As required by 28 U.S.C. § 1446(a), Defendants will provide written notice of the filing of this Notice of Removal to all counsel of record, and will promptly file a copy of this Notice of Removal with the Clerk of the Pike County, Ohio Court of Common Pleas.

## Grounds for Removal

6.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ."

7.      Under 28 U.S.C. § 1331, United States district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      Further, according to the Price-Anderson Act, "[w]ith respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy."  42 U.S.C. § 2210(n)(2).

9.      "The term 'public liability action' . . . means any suit asserting a public liability." *Id.* § 2014(hh).  A "public liability" encompasses "any legal liability arising out of or resulting from a nuclear incident." *Id.* § 2014(w).  And a "nuclear incident" is defined as:

> [A]ny occurrence . . . within the United States causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material . . . .[1]

*Id.* § 2014(q).

10.      Any suit that asserts a "public liability," regardless of the claims actually pleaded therein, is "deemed to be an action" arising under the Price-Anderson Act and must be adjudicated in federal court.  *Id.* § 2014(hh).

---

[1]      Source material includes uranium, thorium or any other material determined by the United States Nuclear Regulatory Commission ("NRC") to be source material.  42 U.S.C § 2014(z).  Special nuclear material includes plutonium, uranium enriched in the isotope 233 or 235, any other material the NRC determines to be special nuclear material, and any material artificially enriched with one or more of the foregoing.  42 U.S.C § 2014(aa).  Byproduct material includes radioactive material yielded in or made radioactive through the production or utilization of special nuclear material and wastes produced by the extraction or concentration of uranium or thorium from ore.  42 U.S.C. § 2014(e); *see also* 10 C.F.R. §§ 30.4 (defining "byproduct material"), 40.4 (defining "source material"), 70.4 (defining "special nuclear material").  Isotopes of neptunium are referred to in federal regulations as byproduct material.  *See* 10 C.F.R. § 110.23 (referring to neptunium-235 and neptunium-237); *see also* 10 C.F.R. Part 110, Appendix L (illustrative list of byproduct materials).

11.     On this point, the United States Supreme Court has explained as follows:

By its unusual preemption provision, see 42 U.S.C. § 2014(hh), the Price-Anderson Act ***transforms*** into a federal action, "any public liability action arising out of or resulting from a nuclear accident," § 2210(n)(2). The Act ***not only gives a district court original jurisdiction over such a claim***, see *ibid.*, ***but provides for removal to a federal court as of right if a putative Price-Anderson action is brought in a state court***, see *ibid.* Congress thus expressed an unmistakable preference for a federal forum, at the behest of the defending party, both for litigating a Price-Anderson claim on the merits and for determining whether a claim falls under Price-Anderson when removal is contested.

*El Paso Nat'l Gas Co. v. Neztsosie*, 526 U.S. 473, 484 (1999) (emphasis added).

12.     In other words, section 2014(hh) of the Price-Anderson Act "resembles what [the Court] ha[s] spoken of as complete pre-emption doctrine, under which the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim . . . ." *Id.* at n.6 (citations omitted).

13.     Likewise, the Sixth Circuit has made clear that when a complaint alleges liability based upon a "nuclear incident" and thus amounts to a "public liability action," "state law claims cannot stand as separate causes of action[,]" and the plaintiff "can sue under the Price-Anderson Act . . . or not at all." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997).

14.     Here, there can be no doubt that the Complaint alleges a "nuclear incident," arises under the Price-Anderson Act, and therefore must be adjudicated in federal court.  Plaintiffs allege that the Portsmouth Gaseous Diffusion Plant (the "Plant") has expelled source, special nuclear, and byproduct material—specifically uranium, neptunium, and plutonium—into the area surrounding the Plant, including onto their properties, and that these materials have caused bodily injuries and property damage.  (*See, e.g.*, Ex. 1, Compl. ¶¶ 45-49, 74, 91-93, 100-102, 106-107.)

4

15.     This Court has already found that nearly identical allegations present an allegation of a nuclear incident under the Price-Anderson Act.  *Boggs v. Divested Atomic Corp.*, S.D. Ohio Case No. 2:90-cv-840, Doc 270 at 1-2, 30 (Price-Anderson Act applies to preempt state law claims for property damage and state law standards of care based on the release of radioactive substances from the Portsmouth Site to the surrounding vicinity).  The *Boggs* decision is in accord with other Sixth Circuit case law.  *See Nieman*, 108 F.3d at 1547, 1549-50 (asserting a nuclear incident under the Price-Anderson Act where plaintiff alleged "that the discharge of uranium from a nuclear processing facility in Fernald, Ohio, has damaged and continues to damage his property"); *Smith v. Carbide & Chems. Corp.*, No. 5:97-CV-3-M, 2009 U.S. Dist. LEXIS 86417, at *5-7 (W.D. Ky. Sept. 16, 2009) (property owners' and residents' action arose under the Price-Anderson Act when they sought damages for the soil and groundwater contamination caused by the Paducah Gaseous Diffusion Plant); *Adkins v. Chevron Corp.*, 960 F. Supp. 2d 761, 763, 768 (holding that the Price-Anderson Act preempted the plaintiffs' state law claims for property damage and personal injury "which arise from allegations of releases of radioactive, hazardous and toxic substances from a nuclear fuel processing facility . . . into the surrounding environment").

16.     Moreover, there is a nearly identical action pending before this Court, in which the plaintiffs assert a Price-Anderson Act claim based on the same releases alleged in Plaintiffs' Complaint.  *McGlone*, *et al., v. Centrus Energy Corp, et al.*, S.D. Ohio Case No. 2:19-cv-02196-ALM-EPD, Doc. 64.

17.     By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 42 U.S.C. §§ 2014(hh), 2210(n)(2), and 28 U.S.C. § 1331.  This action may be removed to this Court pursuant to 42 U.S.C. § 2210(n)(2) and 28 U.S.C. § 1441(a), (c).

**All Other Prerequisites for Removal Have Been Met**

18.     This Court is a proper venue for removal under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division "embracing the place" where the State Court Action is pending.  Venue is also proper in this Court under 42 U.S.C. § 2210(n)(2), as it is the Court in the district where the alleged nuclear incident took place.

19.     This Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because Defendants filed this Notice of Removal within 30 days of receiving service of the Complaint.

20.     All Defendants consent to removal.

21.     Defendants remove the State Court Action to this Court without waiver of any defenses, procedural or substantive, that may be available.

Respectfully submitted,

*/s/ Richard D. Schuster*
Richard D. Schuster (0022813)
        Trial Attorney
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-5475 (phone)
(614) 464-5475 (fax)
rdschuster@vorys.com

Jacob D. Mahle (0080797)
Jessica K. Baverman (0083951)
Vorys, Sater, Seymour and Pease, LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-8589 (phone)
(513) 852-7844 (fax)
jdmahle@vorys.com
jkbaverman@vorys.com

*Counsel for Defendants*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 3, 2020, I served a true and accurate copy of the

foregoing on the following individuals via ordinary U.S. mail and email:

Kelsey J. Reno
Aaron M. McHenry
Anna Villarreal
2 W. Main Street
Chillicothe, Ohio 45601
legal@avlawohio.com

Jack W. Harang
2433 Taffy Dr.
Kenner, LA 70065
jwharang@gmail.com


*Counsel for Plaintiffs*

/s/Jessica K. Baverman
Jessica K. Baverman