IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES MATTHEWS, et al.,** : | |
| : | Case No. 2:20-cv-00040 |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Deavers |
| **CENTRUS ENERGY CORPORATION, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants Centrus Energy Corporation; United States Enrichment Corporation; Uranium Disposition Services, LLC; BWXT Conversion Services, LLC; Mid-America Conversion Services; Bechtel Jacobs Company, LLC; LATA/Parallax Portsmouth, LLC; and Fluor-BWXT Portsmouth, LLC's Motion to Dismiss. Doc. 24. Also pending before the Court is Plaintiffs James Matthews, Jennifer Brownfield Clark, and Joanne Ross' Motion to Remand. Doc. 25. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss [#24] and **DISMISSES** as **MOOT** Plaintiffs' Motion to Remand [#25].

**II. BACKGROUND**

Plaintiffs, proceeding on behalf of themselves and all others similarly situated, initiated this civil action on November 27, 2019 in the Pike County Court of Common Pleas, alleging that they sustained bodily injuries and property losses as a result of exposure to radioactive material expelled from the Portsmouth Gaseous Diffusion Plant (the "Plant") in Pike County, Ohio. Between 1993 and present day, each of the Defendants have been responsible for one or more of

1

the following functions at the Plant: uranium enrichment, depleted uranium hexafluoride conversion, or environmental remediation.  All three Plaintiffs currently live within four miles of the Plant and have developed some form of cancer, amongst other health complications.  Plaintiffs have thus filed this suit raising seven claims arising under Ohio state law:

1) **Count One:** Negligence/Gross Negligence;

2) **Count Two:** Nuisance;

3) **Count Three:** Trespass;

4) **Count Four:** Ultra-Hazardous Activity/Strict Liability;

5) **Count Five:** Medical Monitoring;

6) **Count Six:** Declaratory Judgment; and

7) **Count Seven:** Punitive Damages.

Defendants have moved to dismiss Plaintiffs' Complaint on the basis that the Price-Anderson Act preempts state law claims predicated on injuries arising out of a nuclear incident.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  And although the court "must accept all well-pleaded factual

allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

### IV. ANALYSIS

Defendants move to dismiss Plaintiffs' Complaint, arguing that the Price-Anderson Act preempts state law causes of action based on injuries stemming from a nuclear incident. Plaintiffs, however, maintain that their injuries do not arise out of a nuclear incident, and thus, their claims should survive dismissal.

Congress enacted the Price-Anderson Act in 1957 as an amendment to the Atomic Energy Act "to encourage private sector investment in development of nuclear power by limiting the liability of private owners and operators in the event of a nuclear incident." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1549 (6th Cir. 1997) (*Day v. NLO, Inc.*, 3 F.3d 153, 154 n.1 (6th Cir. 1993)). "The Act requires private owners and operators 'to purchase a specified amount of insurance, and damage awards over and above that amount are then indemnified by the government.'" *Id.* (quoting *Day*, 3 F. 3d at 154 n.1). "In 1988, Congress enacted the Price-Anderson Amendments Act of 1988, which explicitly created a federal cause of action for 'public liability actions' that arise from nuclear incidents." *Id.*

A public liability action is defined as "any legal liability arising out of or resulting from a 'nuclear incident.'" *Id.* at 1550. A nuclear incident, in turn, is "any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." *Id.* (quoting 42 U.S.C. § 2014(q)).

3

Several courts within this Circuit, including the Sixth Circuit itself, have addressed the issue of preemption in connection with the Price-Anderson Act. In *Nieman*, the Sixth Circuit held that "a claim growing out of any nuclear incident is compensable under the terms of the [Price-Anderson Act] or it is not compensable at all." 108 F.3d at 1552 (quoting *In re TMI II*, 940 F.2d 832, 854 (3d Cir. 1991)); *see Rainer v. Un. Carbide Corp.*, 402 F.3d 608, 617 (6th Cir. 2005) ("As the district court noted, this court has interpreted the Price-Anderson Act as preempting otherwise applicable state-law causes of action."). Similarly, in *Adkins v. Chevron Corporation*, the Eastern District of Tennessee, relying on *Nieman*, held that "the Price-Anderson Act completely preempts state law causes of action for public liability arising out of or resulting from nuclear incidents." 960 F. Supp. 2d 761, 767 (E.D. Tenn. 2012); *see Smith v. Carbide & Chems. Corp.*, 2009 WL 3007127, at *2 (W.D. Ky. Sept. 16, 2009) ("In 1988, Congress enacted the Price-Anderson Amendments Act of 1988, which created a federal cause of action for 'public liability actions' that arise from nuclear incidents. As a result, the Act now provides the 'exclusive means' for pursuing claims arising out of any nuclear incident."). It follows that, within the Sixth Circuit, if Plaintiffs' allegations arise out of a "nuclear incident," then such claims are preempted by the Price-Anderson Act.

Almost every other court around the country follows the Sixth Circuit's approach to Price-Anderson Act preemption. *See In re TMI II*, 940 F.2d at 854-55 ("Under the terms of the Amendments Act, the 'public liability action' encompasses '*any* legal liability' of any 'person who *may* be liable' on account of a nuclear incident. Given the breadth of this definition, the consequence of a determination that a particular plaintiff has failed to state a public liability claim potentially compensable under the Price-Anderson Act is that he has no such claim at all.") (internal citation omitted) ("[T]here can be no action for injuries caused by the release of radiation

4

from federally licensed nuclear power plants separate and apart from the federal public liability action created by the Amendments Act."); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994) ("[S]tates are preempted from imposing a non-federal duty in tort, because any state duty would infringe upon pervasive federal safety regulations in the field of nuclear safety, and thus would conflict with federal law."); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998) ("[V]irtually every federal court to consider the issue, including three circuit court of appeals, have held that 'federal regulations must provide the sole measure of the defendants' duty in a public liability cause of action. This is because any state duty would infringe upon pervasive federal regulation in the field of nuclear safety, and thus would conflict with federal law.") (internal quotations and citations omitted); *but see Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1099 (10th Cir. 2015) (finding the Price-Anderson Act does not preempt "a state law nuisance claim when a nuclear incident is asserted but unproven"); *cf. Dailey v. Bridgeton Landfill, LLC*, 290 F. Supp.3d 1090, 1098 (E.D. Mo. 2017) (rejecting *Cook*).

Here, Plaintiffs' claims are based on bodily injuries and property losses they allegedly suffered due to exposure to radioactive waste emanating from the Plant. In *Nieman*, the Sixth Circuit made clear that the Price-Anderson Act preempts state law claims arising out of a nuclear incident -- which is defined as any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material. *See* 108 F.3d at 1552; 42 U.S.C. § 2014(q). Plaintiffs' state law claims fit squarely within this definition, whether they choose to identify them as stemming from a nuclear incident or not. *See Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) ("The [Federal] Rules [of

5

Civil Procedure] require that we not solely rely on labels in a complaint, but that we probe deeper and examine the substance of the complaint. Indeed, this court has made clear that label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states.") (internal quotations and citation omitted). Plaintiffs, therefore, can proceed on the basis of the Price-Anderson Act or not at all. *See Nieman*, 108 F.3d at 1552. Because Plaintiffs opted not to proceed under the Price-Anderson Act, the Court **GRANTS** Defendants' Motion to Dismiss.

To the extent Plaintiffs challenge whether Price-Anderson Act preemption violates their due process rights by depriving them of an adequate remedy under state law, the Sixth Circuit has already disposed of this argument in an analogous context. *See Rainer v. Un. Carbide Corp.*, 402 F.3d 608, 624 (6th Cir. 2005) ("Because Supreme Court precedent clearly calls for judicial restraint where Congress has provided what it considers adequate remedial mechanisms for constitutional violations, and because the Price-Anderson Act constitutes such an adequate remedial mechanism, we find no basis for the plaintiffs to bring their *Bivens* claims."). Similarly, here, the Price-Anderson Act provides an adequate remedial mechanism for state tort law violations. *See id.* (noting a public liability action under the Price-Anderson Act encompasses "any" legal liability arising out or resulting from a nuclear incident); *Day*, 3 F.3d at 154 n.1 ("The amendment [to the Price-Anderson Act] was not intended to alter the state law nature of the underlying tort claims. It provides that 'the substantive rules for decision in such action shall be derived from the law of the State in which the nuclear incident occurs, unless such law is inconsistent with the provisions of such section.") (quoting 42 U.S.C. § 2014(hh)); *Nieman*, 108 F.3d at 1553 ("His federal claim will be derived from state law, as mandated by § 2014(hh), to the extent it is not inconsistent with federal law.").

Moreover, "the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." *Silver v. Silver*, 280 U.S. 117, 122 (1929). Congress created the Price-Anderson Act to remove the economic impediments of private sector investment in the development of nuclear power while simultaneously providing the public compensation in the event of a nuclear incident. *See Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 83 (1978). To this end, the Act now serves as the sole mechanism through which aggrieved parties may pursue legal liability arising out of or resulting from a nuclear incident. *See Rainer*, 402 F.3d at 624. Such economic balancing on the part of Congress has "a presumption of constitutionality" and "the burden is on [the] one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Duke Power Co.*, 438 U.S. at 83. Plaintiffs have not met that burden here. To the contrary, "[p]ermitting the states to apply their own nuclear regulatory standards, in the form of the duty owed by nuclear defendants in tort" -- as Plaintiffs suggest -- "would . . . 'frustrate the objectives of federal law.'" *In re TMI II*, 940 F.2d at 859.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss [#24]. Plaintiffs' Complaint is hereby **DISMISSED**.

Additionally, Plaintiffs' Motion to Remand [#25] is **DISMISSED** as **MOOT**. This Court had jurisdiction over this case pursuant to 42 U.S.C. § 2210(n)(2), as the claims in Plaintiffs' Complaint arose under federal law. *See* 42 U.S.C. § 2210(n)(2) ("With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy."); *Ohio ex rel. Skaggs v.*

*Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) ("A complaint arises under federal law if it: (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise.").

Plaintiffs' argument that the Price-Anderson act does not apply (thereby making removal improper) because Defendants did not include in their Notice of Removal proof that they are Nuclear Regulatory Commission licensees or Department of Energy contractors is unpersuasive. Notably, courts are split on whether proof of such is even relevant to the issue of jurisdiction. *See, e.g., Cotromano v. United Techs. Corp.*, 7 F. Supp. 3d 1253, 1257 (S.D. Fla. 2014) ("Plaintiffs argue that Defendants required licensing and certain financial indemnification agreements for this matter to be removable. This argument is legally incorrect."); *Estate of Ware v. Hosp. of the Univ. of Penn.*, 871 F.3d 273, 283, 284 n.9 (3d Cir. 2017) ("We are unpersuaded that an indemnification agreement is necessary to trigger the Act's applicability.") ("We do not hold that possession of a license determines the Act's applicability."); *but see Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1321 (N.D. Fla. 2001) ("The Defendants have failed to provide the Court with proof demonstrating they are a DOE contractor or an NRC licensee. Therefore, Plaintiffs' lawsuit does not state a cause of action under the PAA."); *Irwin v. CSX Transp., Inc.*, 2011 WL 976376, at *2 (E.D. Tenn. Mar. 16, 2011) ("Plaintiff contends that the PAA only applies to entities that are Nuclear Regulatory Commission ("NRC") licensees or Department of Energy ("DOE") contractors, and since defendant is neither, the Act does not apply and the case should be remanded. The court agrees with plaintiff."). Nevertheless, there can be no question that Defendants were acting pursuant to federal government authority. Public court records confirm that Defendants were licensees or contractors indemnified by the Department of Energy for their

8

activities at the Plant. *See McGlone, et al. v. Centrus Energy Corp. et al.* (S.D. Ohio) (Marbley, J.), Case No. 2:19-cv-02196, Doc. 58-2 through Doc. 58-8; *see also Andre-Pearson v. Grand Valley Health Plan, Inc.*, 963 F. Supp. 2d 766, 771 (W.D. Mich. 2013) ("In removed proceedings, a federal court may consider evidence outside the pleadings to resolve jurisdictional facts, so long as the 'facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim.'") (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 27, 2020**